## WILSON *a.* BRITTON.

*Supreme Court, First District; General Term, March,* 1858.

ATTACHMENT.—FRAUDULENT INTENT TO ASSIGN.—REQUISITES OF
AFFIDAVIT.

A threat by a debtor that he would assign and put his property out of his hands,
made in words which may be construed to mean that he would make a lawful
assignment, is not, without any evidence of contemporaneous or subsequent acts
showing a fraudulent intent, a sufficient ground for an attachment.

That the defendant threatened to assign and put his property out of his hands,
so that the plaintiff should get nothing, unless the plaintiff would accept a part
in full, is not presumptive evidence of a fraudulent intention.

The case of Wilson *a.* Britton (*Ante,* 33) reversed.

Appeal from order denying motion to vacate attachment.

The opinion of the court at special term is reported *Ante,* 33,
where the facts of the case are stated.

BY THE COURT.[*]—CLERKE, J.—I do not find, even in the affi-
davit presented on behalf of the plaintiffs, any thing to con-
vince me that the defendant, in his conversation with the plain-
tiffs, on the occasion referred to in the plaintiffs' first affidavit,
intimated any thing more than that he intended to make an as-
signment. If his declaration admits of this construction merely,
why should we infer that he intended fraud? This would be
contrary to the benign principle that we are not to presume
wrong until wrong is plainly indicated. Of course we are not
obliged to confine our interpretation to mere words; but if we
seek for his intent from any other source, it must be to give
effect to his words. In this case, the defendant's conduct by
no means corresponds with the construction given to his con-
versation referred to in the plaintiffs' affidavit. He attempted
no fraudulent disposition of his property; but, subsequently,
made a legal and valid assignment of his property for the ben-
efit of his creditors. Does his language, set forth in the plain-

[*] Present, Davies, C. J.. and Clerke, Ingraham, and Sutherland, JJ.

tiffs' affidavit, even supposing it to be reported correctly, fairly import any thing more than this? "He would go home and make an assignment of his property, and that plaintiffs would not get any thing of their claims. He would put his property out of his hands." He stated how this was to be done; by making an assignment. This was no threat to make a fraudulent disposition of his property. On the contrary, it was a perfectly legal disposition of it,—a disposition of it also entirely consistent with the fact that the result would be that the plaintiffs would not get any thing of their claims. For he may give preferences, which the law also allows; and by providing full payment to some creditors, nothing may be left out of the assets for others. We cannot, therefore, I think, sustain this attachment without presuming an evil intent, when the words employed admit of a different construction, and when no contemporaneous or subsequent acts are shown to give any other signification to them. The defendant probably meant, by an emphatic representation of the course which he intended to pursue, to induce the plaintiffs and his other creditors to compromise their claims, and to save him the necessity of making an assignment. But however strenuously he might have urged this upon their attention, it amounted to nothing more than that he was determined, if they did not compromise, to make an assignment. This was the whole substance of it; and we cannot pronounce this to be a threat to make a fraudulent disposition of his property, unless we are prepared to stigmatize that as fraudulent which the law expressly sanctions.

Having arrived at this conclusion, it is unnecessary to consider the legal question submitted by defendant's counsel.

The order below should be reversed, with costs.